**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KEITH BLACK,

    Petitioner,

v.

STEPHEN D'ILIO, et al.,

    Respondents.

---

Civil Action No. 15-5547 (ES)

MEMORANDUM OPINION

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On or about July 15, 2015, Petitioner Keith Black ("Petitioner") submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. No. 1, Petition ("Pet.")).

2. Petitioner raised the following grounds for relief in his Petition:

> **Ground One**: The trial court erred in charging flight to the jury thereby denying Petitioner the right to a fair trial.
>
> **Ground Two**: Ineffective assistance of trial counsel for failing to conduct a pre-trial investigation on state's key witness and failing to present a toxicology report.
>
> **Ground Three**: Ineffective assistance of trial counsel for failing to call potentially beneficial witnesses on Petitioner's behalf.
>
> **Ground Four**: The Prosecutor knowingly presented perjured testimony.
>
> **Ground Five**: Ineffective assistance of trial counsel not attempting to exclude impermissible character and prior bad act evidence from trial.

> **Ground Six**: Trial court erred in failing to hold a hearing after a "juror began crying during distribution of pictures of the decedent."
>
> **Ground Seven**: Ineffective assistance of trial counsel for failing to file a motion for a *Wade* hearing before the trial.
>
> **Ground Eight**: Ineffective assistance of PCR counsel for failing to raise ineffective assistance of trial counsel before the PCR court.

(Pet. at 6-16).

3. Following this, on October 14, 2015, Respondents filed a Response and Appendix with the Court, arguing, *inter alia*, that Petitioner's Grounds two, three, four, and seven must be dismissed because they are unexhausted. (D.E. No. 6, Response at 24-25).

4. Thereafter, Petitioner filed a "Motion for Stay and Abeyance" to allow him to exhaust his claims in state court before his habeas petition is ruled on. (D.E. No. 7, Motion for Stay ("Mot.")). Petitioner noted in his Petition that his grounds two, three, four, and seven are unexhausted. (Pet. at 17). Petitioner reiterates this in his Motion, adding that ground eight is also unexhausted. (Mot. ¶ 13). In the Motion, Petitioner argues that a stay is warranted in order to consider grounds two, three, and four, leaving grounds seven and eight unmentioned. (*Id.*).

5. When faced with a petition containing both exhausted and unexhausted claims (*i.e.*, a "mixed petition"), a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2). *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011); *Mahoney v. Bostel*, 366 F. App'x 368 371 (3d Cir. 2010); *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008).

6. In order to grant Petitioner a stay, Petitioner must demonstrate that "good cause" exists for his failure to exhaust his state remedies. *Rhines*, 544 U.S. at 278. However, even if such good cause exists, the Court would "abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless." *Id.* at 277. Assuming—without deciding—that good cause exists for Petitioner's failure to exhaust state remedies, the Court determines that, in any event, Petitioner's unexhausted claims are plainly meritless.

7. Petitioner alleges in Ground Two of his petition that his trial counsel was ineffective for failing to adequately investigate the state's key witness, Marquis Fuller. (Mot. ¶ 14; Pet. at 8). Specifically, Petitioner argues that Mr. Fuller's claims of being "drugged up" when he gave his initial report to the police were false, and that Mr. Fuller's medical records would have confirmed this, thus allowing Petitioner's counsel to more effectively cross-examine Mr. Fuller. (*Id.*).

It is unlikely that having Mr. Fuller's medical records would have helped counsel make the case that Mr. Fuller was not actually "drugged up" when he spoke with police. Petitioner submitted Mr. Fuller's medical records with his Motion for a Stay, which he received after his initial petition for PCR was denied. (D.E. No. 7-2, Exhibits at 15-20 ("Exh.")). The records reveal that, contrary to Petitioner's own argument, Mr. Fuller was being treated with a number of analgesic medications at the time of his interview, including morphine and Percocet. (*Id.* at 17). Additionally, the trial transcript shows that Petitioner's counsel aggressively cross-examined Mr. Fuller during trial. In fact, counsel was successful at eliciting testimony from Mr. Fuller wherein he admitted that there were material inconstancies between his first statement to the police and his second. (D.E. No. 6-52, Trial Transcript at 28-30). It is unclear what more the medical records,

3

which only serve to prove that Mr. Fuller was sedated, would have added to counsel's cross-examination. Thus, the Court finds this ground to be plainly meritless, and it is denied.

       8. Petitioner alleges in Ground Three that a more robust pre-trial investigation would have yielded a favorable defense witness by the name of Tyrone Kersey and that his trial counsel's failure to procure that witness amounted to ineffective assistance. (Mot. ¶ 15; Pet. at 10-11). Along with the Motion itself, Petitioner submitted a sworn affidavit from Mr. Kersey in which he allegedly calls Petitioner's guilt into question. (Exh. at 2-3). After reading Mr. Kersey's affidavit, counsel's reasons for not calling him to testify become clear. Mr. Kersey swears in his affidavit that, although he was near the scene of the crime, he only "found out somewhat of what happened but still don't know [sic]." (*Id.* at 2). There are ample reasons defense counsel might avoid calling a witness who admits to not having actually seen anything, but can place counsel's client at the scene of the crime. This seems to the Court to be a "reasonable [trial] strategy." *Werts v. Vaughn*, 228 F.3d 178, 190 (3d Cir. 2000); *see also U.S. v. Graves*, 613 F. App'x 157, 160 (3d Cir. 2015) (holding that declining to call a witness who could put defendant at the scene but not offer testimony of innocence reasonable); *Price v. Wynder*, 350 F. App'x 692, 694 (3d Cir. 2009) (holding decision to not call alibi witness reasonable when witness could not offer corroborative testimony of innocence).

       Indeed, a decision that clearly falls within the realm of trial strategy is generally outside the purview of habeas courts in reviewing an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential."). Thus, because Mr. Kersey's own affidavit essentially concedes that he could not truthfully testify to Petitioner's innocence, this ground is denied as meritless.

4

9. Petitioner's Ground Four, *i.e.*, that the prosecution knowingly allowed Mr. Fuller to perjure himself, is similarly without merit. (Mot. ¶ 16; Pet. at 11). There is no evidence that Mr. Fuller testified falsely, and, if he did, certainly no evidence that the prosecution knew of and sanctioned such false testimony. Indeed, as mentioned above, the testimony about Mr. Fuller being "drugged up" in the hospital is only corroborated by the medical reports Petitioner submitted, not called into question. Thus, this ground is also denied as plainly meritless.

10. Petitioner notes in both his petition and his motion that Ground Seven, another ineffective-assistance-of-trial-counsel claim, is unexhausted, though he does not ask the Court to stay his petition in order to exhaust state remedies on that ground. (Mot. ¶ 13; Pet. at 15). In Ground Seven, Petitioner argues that his trial counsel was ineffective for failing to object to the identification procedures used by the State and the ultimate admittance of the photo arrays used to identify him. (Pet. at 15). However, after reading through the trial transcripts it appears that counsel did, in fact, object, and the photo array evidence was admitted over counsel's objection. (*See* D.E. No. 6-55 at 35-37). Therefore, because the trial transcript makes clear that counsel did, in fact, challenge the photo identification of Petitioner and the admittance of the arrays, Ground Seven is denied as plainly meritless.

11. In Ground Eight, Petitioner argues that his counsel during PCR was ineffective for failing to "raise any of the issues that are in grounds two, three, four, and seven" of the petition. (Pet. at 16). Though Petitioner's Ground Eight is also unexhausted, the Court need not reach its merits because it is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Saunders*

5

*v. Warren*, No. 13-2794 (ES), 2015 WL 5455680, at *3 (D.N.J. Sep. 16, 2015) (noting that a habeas petition is not the appropriate forum "to pursue claims of error at the PCRA proceeding" (quoting *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004))). Thus, Petitioner's Ground Eight will be denied as not cognizable under federal habeas review.

12. Therefore, because all of Petitioner's unexhausted claims—*i.e.*, Grounds Two, Three, Four, Seven and Eight—are either plainly meritless or not cognizable on federal habeas review, Petitioner's motion for a stay is denied. Petitioner now has two options on how to proceed. *See Rhines*, 544 U.S. at 277-78 (holding that, if a stay is denied and the entire petition is not dealt with at once, a court may allow the petitioner to delete the unexhausted claims and proceed on the exhausted ones); *McLaughlin*, 454 F. App'x at 86 ("Prisoners who submit mixed petitions 'can *always* amend the petition to delete the unexhausted claims.'" (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982))); *id.* (noting that district courts may dismiss a mixed petition without prejudice as unexhausted). Accordingly, Petitioner shall notify the Court within 45 days of the entry of this Order as to whether he wishes to delete the unexhausted claims—Grounds Two, Three, Four, Seven and Eight—and proceed before this Court in the instant petition on the exhausted claims—Ground One, Five, and Six. In the alternative, Petitioner may inform the Court that he wishes to have the entire petition dismissed without prejudice as unexhausted. Petitioner can then file a new federal habeas petition at the conclusion of his second PCR petition after he has exhausted all claims. If no response is received from Petitioner within 45 days, the Petition will be ruled upon as filed.

13. This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See*

*Miller-El v. Cockrell*, 537 U.S. 322 (2003).

    14. An appropriate order follows.

Dated: June 29, 2016

                                             Esther Salas
                                             United States District Judge